195 So.2d 168 (1967)
Edric J. COMEAUX
v.
Samuel J. MILLER et al.
No. 6888.
Court of Appeal of Louisiana, First Circuit.
February 6, 1967.
*169 Alex Wall, of Dodd, Hirsch, Barker, Avant & Wall, Baton Rouge, for appellant.
Robert L. Kleinpeter, Horace C. Lane, Roger M. Fritchie, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellees.
Before LANDRY, ELLIS, and BAILES, JJ.
ELLIS, Judge.
This case arises out of an automobile accident which happened in Baton Rouge, Louisiana, on December 28, 1961, at about 11:30 P.M. The vehicles involved were a 1956 Oldsmobile owned by Leroy Mouton and driven by Lonnie Russell Day, and a 1956 Chevrolet owned by Edric J. Comeaux and driven by his son, Edric J. Comeaux, Jr. The accident happened at a `T' type intersection formed by Perkins Road, which runs North and South, and Reymond Avenue, which runs East and West. Reymond Avenue is a boulevard type street, with the lanes of traffic separated by a broad neutral ground, and enters Perkins Road from the East. Traffic entering Perkins Road from the Westbound lane of Reymond Avenue is controlled by a stop sign. The intersection occurs at the North end of an overpass on Perkins Road. The lane for Eastbound traffic on Reymond Avenue is situated just at the point where the overpass reaches ground level, and is just opposite the driveway of a home situated at 2320 Perkins Road.
Lonnie Russell Day and Leroy Mouton, Jr., were attending a party at the above address. Day was leaving, but found that his car was blocked in the driveway by the Mouton car, which was unlocked with the keys in it. Without asking permission of young Mouton, he backed the car out of the driveway, across Perkins Road and into the Eastbound lane of Reymond Avenue. After his vehicle had been driven out of the driveway, he started back across Perkins Road, and drove the Mouton vehicle into the path of plaintiff's car, causing the accident.
*170 Suit was filed herein by plaintiff for property damage and for damages for the injuries suffered by his minor son. Defendants are Samuel J. Miller and Mrs. Samuel J. Miller, who are the stepfather and the mother of Lonnie Russell Day; State Farm Mutual Automobile Insurance Company, liability insurer of the Mouton vehicle; and Houston Fire and Casualty Insurance Company, Mr. Miller's liability insurer.
Judgment was rendered herein in favor of plaintiff and against Mrs. Samuel J. Miller for $904.50 and costs, and dismissing the suit as to all other defendants. From that judgment, plaintiff has taken a devolutive appeal, and alleges the following specifications of error:
"The trial judge erred in the following respects:
"1. He failed to find that Lonnie Day, the minor driver of one of the vehicles involved in the collision, had the implied consent of Leroy Mouton, the owner of the vehicle, to use the automobile.
"2. In failing to find implied consent of the owner and named insured, he failed to rule in favor of plaintiff, Edric J. Comeaux, and against the insurance companies named as defendants.
"3. He failed to make an adequate award in favor of plaintiff and against Mrs. Samuel J. Miller, the only defendant against whom judgment was cast."
It is, therefore, not necessary that we consider the question of the basic legal responsibility for the accident, the dismissal of the case as to Samuel J. Miller, or the responsibility of Mrs. Miller for the torts of her minor son.
Houston resists liability on the ground that its policy furnishes coverage with respect to a non-owned automobile only when it is used with the permission of the owner.
State Farm resists liability on the basis that its policy extends coverage to a person other than the named insured or a resident of his household only when the use of the insured vehicle by such a person is with the permission of the owner.
It is clear from the record that Leroy Mouton, Jr., never gave permission to Day to drive the Oldsmobile, and that Leroy Mouton, Sr., had expressly instructed his son not to let any other person operate the automobile.
However, plaintiff contends that Day had the implied consent of Mr. Mouton to operate his car. This contention is based on the following circumstances: First, that the Mouton vehicle was so parked in the driveway to make it necessary to move it before other cars parked in the driveway could leave. Second, that the Mouton vehicle was left unlocked with the keys in the ignition. Third, that Mr. Mouton, Sr. was aware that youngsters of the age of his son frequently drove each other's cars. Fourth, that Mr. Mouton was aware of the type of function that his son was attending.
Plaintiffs argue that in view of the above circumstances, Mr. Mouton should have reasonably anticipated that his car might be used as it was used, and in giving his son permission to attend the party, and to use the vehicle, he impliedly consented to the use thereof by Day.
The evidence shows that Mr. Mouton had not specifically told his son not to let others drive the car on the particular night in question, but that he had so instructed young Mouton from time to time in the past, and that both he and his son clearly understood this limitation. It further shows that young Mouton had never, in fact, permitted anyone to use the car.
Plaintiff takes the position, also, that since the instruction not to let others use the car was not expressly given on the night in question, the son was a general permitted and had authority to allow others the use of the car. With this contention, we cannot agree. The record amply supports the conclusion that young Mouton *171 was under specific instructions not to let others drive his father's car, and that he had no authority to do so. Mr. Mouton testified that he issued these instructions because he was aware that young people tend to allow the use of their cars to their associates rather freely, and he did not wish to have his car so used.
The case of Peterson v. Armstrong, 176 So.2d 453 (La.App.1965), a case heavily relied on by appellant, is distinguishable on its facts. In that case, the son had been told by his father that he should not let others use the car, but this directive had been qualified to such an extent, both in practice and in theory, that the court was able to find that the son did have permission to allow others to use the vehicle. In the instant case, no circumstances exist which tend to temper or modify in any way the express instructions given by the father to the son.
None of the other cases cited by plaintiff are applicable in a case such as this. These cases are either not in point, or permission of the owner was implied because it was actually granted by one who had the general use of the vehicle. Buckelew et al. v. Roy et al., 168 So.2d 831 (La.App.1964); Touchet v. Firemen's Insurance Company of Newark, New Jersey, 159 So.2d 753 (La.App.1964); Garland v. Audubon Insurance Company, 119 So.2d 530 (La.App.1960); Hurdle et al. v. State Farm Mutual Automobile Insurance Company, 135 So.2d 63 (La.App.1961).
The law applicable to a case such as this, where one is granted use of a vehicle subject to a specific prohibition against allowing others to drive, is that such permission does not carry with it the implied consent of the owner that others might use the vehicle. Smith v. Insurance Company of State of Pennsylvania et al., 161 So.2d 903 (La.App.1964); Anderson et al v. Adams et al., 148 So.2d 347 (La.App.1962); Clemons et al. v. Metropolitan Casualty Insurance Company, 18 So.2d 228 (La.App.1944).
The case of Coco v. State Farm Mutual Automobile Insurance Co., 136 So.2d 288 (La.App.1962) makes the above distinction clearly. In that case, express permission to use the car was granted by the son of the owner who had been instructed by his father not to allow others to use the car. The owner's permission was not implied in favor of the second permittee.
Under the express terms of the policies, there can be no recovery unless the named insured consents, either expressly or impliedly, to the use of the car by a third person. There was no such permission in this case, and there can be no recovery under the policies.
Plaintiff also complains that the amount of the award was inadequate. Young Comeaux sustained an abrasion of the chin, two abrasions on the left side of his chest, and had a complaint of pain in his right knee. He also suffered a collapse of his left lung, which was corrected by a simple surgical procedure. He was admitted to the hospital shortly after the accident, and was discharged therefrom on January 1, 1962. He was kept at home for several days, and was unable to play golf for about a month and a half. At the time of the trial on October 31, 1962, he still complained of intermittent pain in his knee, although he testified he played from nine to eighteen holes of golf each day and carried out all other routine activities. All other difficulties cleared up very shortly after the accident. Neither doctor who examined the knee were able to find any objective symptoms.
The district judge awarded the sum of $500.00 for the injuries detailed above. We feel that this award is inadequate, considering all of the circumstances, and will increase it to $1500.00.
The judgment appealed from will be amended by increasing the amount of the award to $1904.50 and in all other respects is affirmed.
Amended and affirmed.