LEAR, Judge.
Plaintiff, Mary Colston, brought suit individually and on behalf of her minor daughter against the alleged liability insurer of a certain 1966 Ford automobile, the operation of which admittedly caused personal injuries to the child.
This is an appeal from a judgment of the district court granting summary judgment in favor of defendant and dismissing plaintiff’s causes of action.
The petition initiating this litigation alleged that the Ford automobile was owned by Ed Taussig Motor Company, which had leased said vehicle to one Jacob Baker, who in turn had given one Moses J. Key permission to operate the vehicle. Key was the driver of the automobile at the time of the accident.
The answer filed in here admitted the ownership of the Ford by Ed Taussig Ford, Inc., admitted the leasing to Jacob Baker, and admitted that defendant had in, effect a policy of automobile liability insurance in favor of Ed Taussig Ford, Inc. Though the ownership-insurer relationship is not correctly stated in the pleadings, that point is immaterial for the purposes of this decision and this court accepts the allegation of the petition and the admission of the answer.
The basis of the defense is lack of coverage according to the terms and conditions of the policy issued by defendant, and that lack is directed immediately back to the terms and conditions of the lease contract between Ed Taussig Ford, Inc., and Jacob Baker, it being admitted that Moses J. Key was operating the car with the express permission of the said Jacob Baker. Paragraph 1 of the rental agreement states:
“1. In no event shall the car be used, operated or driven * * * (6) by any person except Lessee, or a qualified licensed driver named by Lessee on Page 2 and having Lessee’s prior consent.”
On page 2 of the agreement, which is a printed form, we find a boxed section headed up with these words: “The Lessee may permit any of the following persons to drive if they are qualified licensed drivers.” Immediately under these words there are two lines provided for insertions; each of these lines are so prepared as to provide a space for the name, age and reason for these permittees. There are no names, ages or reasons inserted in this space, but on the contrary there have been parallel lines drawn in what appears to be ballpoint ink, and which indicates that no use *154 was to be made of this printed section of the agreement. Not only was Moses J. Key not named as a person who could be permitted to drive the leased vehicle, but at the time of the accident he possessed only a “U. S. Government Motor Vehicle Operator’s Identification Card”. This military driver’s license authorized Moses J. Key to operate certain vehicles on the flight line at Scott Air Force Base and for no other purpose.
Though it was stipulated by counsel for plaintiffs and defendant that such a license would not lawfully entitle Key to operate a motor vehicle on the highways of the State of Louisiana, attorney for plaintiff argues that since “licensed driver” was not more clearly defined in the rental agreement, that the meaning was ambiguous and being ambiguous should be interpreted strongly against the person responsible for this printed language. Though we agree with counsel in principle, we certainly do not think that the language contained in the printed form can be extended to include a person licensed only to operate military motor vehicles on the flight line of an air force base.
However, it is not necessary to predicate our decision upon this point. The agreement clearly and unequivocally provides that if the lessee desires to allow another to operate the vehicle during the term of the lease, he is required to name his proposed permittee on the form provided for that purpose. This is certainly a reasonable requirement, i. e., to allow the lessor an opportunity to investigate all persons who are to be afforded an opportunity to drive its automobile.
This court agrees with the observation of the trial court in its reasons for judgment, as follows:
“The Court believes that this situation is covered by the rules of law set forth in Comeaux v. Miller, La.App., 195 So.2d 168; Smith v. Insurance Company of State of Pennsylvania, La.App., 161 So. 2d 903, and Anderson v. Adams, La.App., 148 So.2d 347, and that Key was not a duly authorized ‘second permittee’ and insured as such under the terms of the policy.”
For the reasons hereinabove set forth, the judgment of the district court is affirmed.
Affirmed.