HOOD, Judge.
Albert Jones and Michael J. Francois claim damages for personal injuries sustained by them when they were struck by an automobile being driven by Mrs. Onelia Breaux. The defendants are Mrs. Breaux, Duane H. Francis and Liberty Mutual Insurance Company. A summary judgment was rendered by the trial court dismissing the suit as to Liberty Mutual. Plaintiffs appealed.
The sole issue presented on this appeal is whether the policy issued by Liberty Mutual provided liability insurance coverage for either of the other two defendants, Mrs. Breaux or Francis.
There is no dispute as to any of the material facts. Plaintiffs, while standing on a street in St. Martinville, were struck by a 1972 Mercury automobile being driven by Mrs. Breaux. Defendant Francis was riding as a passenger in the vehicle when the accident occurred.
The automobile which struck plaintiffs was owned by Auto Mart-GMC, Inc., doing business as Auto Mart Lincoln-Mercury, and it had been leased by the owner to defendant Francis. The written lease agreement entered into between Auto Mart and Francis provided that:
“In no event shall the vehicle be used, operated or driven ... (6) by any person except Lessee or a qualified licensed driver 21 years of age or older named by Lessee on Page 2 and having Lessee’s prior consent.” (Emphasis added).
No one other than the lessee, Francis, was named on Page 2 of the contract as being authorized to use or drive the car. Mrs. Breaux thus was driving the automobile at the time of the accident without the owner’s consent and in violation of the lease agreement.
When the accident occurred there was in effect an automobile insurance policy issued by Liberty Mutual to several insureds, including Lincoln-Mercury Dealer Leasing Association. Members of that association were listed as additional insureds. We assume for the purpose of this appeal that Auto Mart, the owner and lessor of the car involved in the accident, was a named insured in the policy, and that the vehicle which struck plaintiffs was an insured automobile under the liability provisions of that policy. Under the general heading of “Insuring Agreements,” however, the policy defines an “Insured” as follows:
“Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes the named insured . . . and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * *» (Emphasis added).
Plaintiffs concede that the policy issued by Liberty Mutual afforded no liability coverage for Mrs. Breaux, since she was driving the car without the permission of the named insured. They contend, however, that the remaining defendant, Francis, was protected against liability by the policy, because at the time of the accident Francis “was using the automobile and was legally responsible for the use thereof.” Their argument is that once a first permit-tee is given permission to use the automobile, he continues to be an insured as long as he is using it or as long as he is legally responsible for its use, even though he allows a second permittee to drive the automobile, contrary to instructions which the first permittee had received from the owner. They cite a number of authorities to support that argument, including 4 A.L.R. 3d 10, Omnibus Clause — Consent; 7 Am. Jur.2d, Section 117, Automobile Insurance; and decisions of several state courts. Most *805 of the cases cited were decided by courts of states other than Louisiana.
We think the decision rendered by our Supreme Court in Normand v. Hertz Corporation, 254 La. 1075, 229 So.2d 104 (1969), is controlling. There, Hertz rented a car to Hatcher, and Hatcher allowed his companion, Hay, to drive the car, although the rental contract provided that the lessee was not to permit a person in Hay’s position to drive it. The accident occurred while Hay was driving, and while the lessee Hatcher was riding as a passenger in the vehicle. Royal Indemnity Company had issued an automobile liability policy to Hertz, which contained an omnibus clause identical to the one contained in the policy involved in this suit. The court held that the liability coverage provided in the Royal Indemnity Company policy did not apply, because the permission to drive the car, granted by Hertz to Hatcher, expressly excluded such persons as Hay.
All of the arguments presented in the instant suit were made in the Normand case. In answer to the argument that the lessee continued to be an insured because he was “using” the car and he was “legally responsible for the use thereof,” the court said:
“This argument disregards the fact that use of the car is required by the policy to be with the permission of the named insured. Hatcher was not ‘using’ the car with the permission of the named insured; he had exceeded his permission for he violated the authorization in the rental contract by permitting the car to be driven by one who was expressly prohibited from driving. In like manner Hatcher was not ‘legally responsible for the use thereof’ because he had exceeded his authorization, and, by the policy terms, his use was illegal at the time of the accident. In other words, he was not ‘legally responsible for the use thereof * * * with the permission’ of the named insured, and, in our opinion, the facts of this case do not warrant an implied permission.”
Plaintiffs argue here that, in view of the provisions of LSA-R.S. 22:624 and 628, the trial court erred in allowing the rental agreement to modify or change the coverage provided in the insurance policy issued by Liberty Mutual. The same argument was made in the Normand case. The Supreme Court, in rejecting that argument, said in Normand that:
“In our view the stipulation in the rental agreement does not conflict with, modify or extend the coverage of the. policy. Simply stated, the clause defines the nature and limits of the permission which Hertz, as the insured, extended to Hatcher, its customer. And, since the policy contemplates that the insured could grant permission to others to use and drive the automobile, the cited statutes are not violated if the nature, extent and conditions of that permission are preserved in contractual form. The restriction on use contained in the rental agreement is, moreover, a condition which Hertz as lessor was at liberty to impose in its contract of lease for the protection of its property.”
The issues presented in the Normand case thus are identical to. those presented here, and the court resolved them in favor of the defendant insurer.
Plaintiffs apparently concede that the decision in Normand is contrary to the position they take in this suit. They argue, however, that the question presented here should be certified to the Supreme Court, obviously to enable that court to reconsider its former holding, since they feel that the decision in Normand is in conflict with the jurisprudence of other states. The holding in Normand is clear, and we are unwilling to certify the question to the Supreme Court merely to enable it to reconsider its earlier holding.
The facts in Colston v. Liberty Mutual Insurance Company, 210 So.2d 152 (La. *806 App. 3 Cir. 1968), were almost identical to those presented in the instant suit. We held there that no coverage was provided under the policy while the car was being driven by the “second permittee.” See also Comeaux v. Miller, 195 So.2d 168 (La.App. 1 Cir. 1967); Coco v. State Farm Mutual Automobile Insurance Co., 136 So.2d 288 (La.App. 3 Cir. 1962); Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961); Smith v. Insurance Co. of State of Pennsylvania, 161 So.2d 903 (La.App. 1 Cir. 1964); Anderson v. Adams, 148 So.2d 347 (La.App. 1 Cir. 1963).
Plaintiffs argue, finally, that the defendant insurer is estopped from denying coverage. They contend that the agent of Auto Mart who handled the lease agreement orally assured Francis when he leased the car that insurance coverage was provided as long as a licensed driver, 21 years of age or older, was driving the leased automobile. Francis testified substantially to that effect by deposition, but the trial judge declined to accept that part of his testimony on the ground that it was an attempt to vary or contradict the terms of a written instrument. We agree with the ruling of the trial court, but we prefer to base our decision on other grounds.
The evidence does not convince us that the agent of Auto Mart misrepresented any facts to Francis, even if we interpret Francis’ testimony as plaintiffs have interpreted it. It is true that insurance coverage would have been provided for any such driver whose name was listed on Page 2 of the rental contract. Francis, however, did not list any such names on the contract, and he thus represented that no one other than himself was to drive the leased vehicle. If we assume, however, that an agent of Auto Mart did incorrectly represent to Francis that there would be insurance coverage, even while a person not listed on the contract was driving the car in violation of the terms of the agreement, we do not feel that such a representation by Auto Mart would estop Liberty Mutual from denying coverage. We do not need to consider the question of whether equitable es-toppel would operate against Auto Mart, because the latter is not a party to this suit. We find no merit to plaintiffs’ argument that the defendant insurer is estopped from denying coverage.
Our conclusion is that no coverage was provided in the policy issued by Liberty Mutual under the circumstances presented here.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.