## No. 46,217

In the Matter of the Estate of Asa Lee Messenger, deceased; MILLICENT J. DUNAWAY, Administratrix in the Matter of the Estate of Juanita Messenger, deceased, *Appellant*, v. JOHN D. MESSENGER, Executor of the Will and Estate of Asa Lee Messenger, deceased, *Appellee*.

(494 P. 2d 1107)

Opinion filed March 4, 1972.

*James S. Phillips*, of Wichita, argued the cause and was on the brief for the appellant.

*Garry W. Lassman*, of Keller, Wilbert, Palmer and Lassman of Pittsburg, argued the cause, and *Paul L. Wilbert*, of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: The main issue in this case is the effect of a wife's lack of consent to her husband's will which totally disinherits her if they both die "at or about the same time as the result of a common disaster."

Asa Lee Messenger (known as Lee) and his wife, Juanita, both died as the result of an automobile accident on July 27, 1968. They had been married about seven years.

Lee, who was sixty-three at the time of his death, left as his closest kin three sisters and a brother, who was to be his executor and the appellee herein.

Juanita was survived by an adult daughter by a previous marriage, Mrs. Millicent J. Dunaway, who became administratrix of her estate and as such instituted the various proceedings which culminated in this appeal. Mrs. Dunaway, as administratrix of her mother's estate, is the appellant.

On August 13, 1968, Lee's will was offered for and admitted to probate. His brother and sisters all entered their appearance and waived notice of the probate hearing; no formal notice of any kind was given.

In its order admitting the will the probate court found that Lee and Juanita "were both killed instantly and both died simultaneously" as a result of the automobile accident. It is this finding that appellant has most bitterly contested throughout these proceedings.

By paragraph 2 of his will Lee left his stock in the family business in trust for the benefit of Juanita during her lifetime, and on her death to those of his brother and sisters who survived her. In paragraph 3 the residue was left to Juanita outright. All this, however, was subject to a common disaster clause:

"FOURTH: In the event that my wife, Juanita Messenger, should predecease me or should she and I die at or about the same time as the result of a common disaster, accident or casualty, then Paragraphs SECOND and THIRD of this my will shall become null, void and of no effect and I give, devise and bequeath my entire estate, after the payment of debts and expenses as provided in Paragraph FIRST hereof unto such of my brother and sisters, to-wit: John D. Messenger, Pearl H. Koontz, Helen R. Messenger and Margueritte J. Messenger, as shall have survived me, in equal shares, per capita and not per stripes."

Juanita had not consented to the will during her lifetime, and this fact rounded out appellant's various claims on Lee's estate.

The first proceeding brought on behalf of Juanita's estate was a declaratory judgment action filed in the district court on May 6, 1969. The essential allegations were that Juanita survived Lee "by several hours," and had not consented to Lee's will. As a result it was claimed that Juanita's estate was entitled to an undivided one-half interest in Lee's estate. No reason was advanced for this claimed result, but it was apparently based on Juanita's right as a surviving spouse to elect not to take under the will. (On the other hand, leave was later sought to amend the petition by, among other things, asserting that Juanita's estate was entitled to take "monies, assets and property under the terms of said Will of her husband.") Lee's executor filed a motion to dismiss which was ultimately treated as one for summary judgment.

The second proceeding was filed in Lee's estate in the probate court the same day as the first, and was originally identical to it in form. Its scope was considerably broadened by a series of successive supplemental petitions, two of which appear in the record, wherein it was urged: that the original order of probate should be vacated because no notice was given to Mrs. Dunaway and for fraud in alleging the two deaths to have been simultaneous and in underestimating the size of the estate; that the will was "illegal, null and void," apparently for lack of Juanita's consent; that Lee's estate had property belonging to Juanita's estate; that there was evidence that Juanita survived, so the Uniform Simultaneous Death Act was inapplicable; that Juanita's estate should be permitted to take an out-of-time appeal from the original order of probate; that Juanita's estate was entitled to *all*, not just one-half of Lee's estate; and that if the will was valid Juanita's estate should take under its terms.

Juanita's administratrix asked that all her petitions be transferred to the district court, and Lee's executor countered with a petition to dismiss. On July 7, 1969, the probate court denied Juanita's estate relief under all petitions and granted the executor's petition. Its order was appealed to the district court.

The third separate proceeding was a petition for a construction of the will filed in the probate court on July 18, 1969, to which the executor filed defenses. Appellant's position in that petition was that the will was valid except for the common disaster clause, and hence Juanita's estate was entitled to everything except the stock placed in trust. On her application this proceeding was transferred to the district court.

In the district court the three cases were consolidated by agreement of the parties. The various pleadings of Lee's executor were treated as motions for summary judgment, and a hearing was held on February 2, 1970, at which testimony was adduced.

The key evidence on behalf of Juanita's estate was the testimony of a witness to the accident who approached the Messenger car within three or four minutes after the collision, a high speed head-on-crash. It was her opinion that Lee was dead at that time but that Juanita exhibited signs of life. These were that her face was still pinkish, there was some blood coming from her mouth, and as the witness turned away she heard some sort of moan or gurgle which she thought came from Juanita. A passing doctor who arrived about ten minutes later pronounced them both dead. The deputy coroner who arrived about an hour later was unable to say whether the deaths were simultaneous, but described Juanita's injuries (a crushed skull) as such that it would have been impossible to revive or rescucitate her, and as being "incompatible with life."

The district court took the matter under advisement and on April 9, 1970, made the following findings:

"1. That the deaths of Asa Lee Messenger, deceased, and Juanita Messenger, deceased, occurred on July 27, 1968, at or about the same time as a result of a common accident and, therefore, Paragraphs 2 and 3 of the Will of Asa Lee Messenger became void and of no effect and Millicent J. Dunaway was not, therefore, an heir, legatee or devisee under the Will.

"2. That the notices required by law to be given concerning the hearing on the Petition for the Probate of the Will, and other proceedings held in the Probate Court were properly given and further that no notice of Millicent J. Dunaway, Administratrix of the Estate of Juanita Messenger, deceased, was required because she was not an heir, devisee or legatee under the terms of the Will.

"3. That the right to elect against the Will is personal to the spouse and does not pass to the heirs at death and that no election ever having been filed, even by the Estate of Juanita Messenger, the six months period in which to make such election has passed, and therefore, the Estate of Juanita Messenger has no interest in the Estate of Asa Lee Messenger.

"4. That the pleadings filed by Millicent J. Dunaway, Administratrix of the Estate of Juanita Messenger are not claims or demands against the Estate of Asa Lee Messenger, within the meaning of K. S. A. 59-2237, and not being claims, the findings of the Probate Court heretofore made are proper and conclusive.

"5. That the provisions of the Uniform Simultaneous Death Act are not applicable to the Will because the Will makes its own provisions in regard to death at the same time as a result of a common accident.

"6. That the proceedings and findings of the Probate Court relating to the Estate of Asa Lee Messenger, deceased, were in all respects regular and proper and the findings of fact are hereby adopted as findings of this Court.

"7. That the Will of Asa Lee Messenger, deceased, was the duly executed Last Will of Asa Lee Messenger and the same was a valid, effective and legal Will.

"8. The Court further finds from an analysis of the entire Will that no ambiguity or uncertainty exists and there is, therefore, no occasion to employ rules of construction and the Will should be enforced in accordance with its terms and provisions.

"9. That the motions filed by John D. Messenger, Executor of the Estate of Asa Lee Messenger, deceased, are in the nature of motions for summary judgment and are so considered by the Court; that the pleadings and evidence present no genuine issue as to any material fact and the issues are properly determined by summary judgment.

"IT IS THE JUDGMENT OF THIS COURT, based upon the above findings, that the motions for summary judgment of John D. Messenger, Executor of the Estate of Asa Lee Messenger, deceased, should be and the same are hereby sustained. Costs assessed against Millicent J. Dunaway, Administratrix of the Estate of Juanita Messenger, deceased."

The present appeal is from that order. Appellant has designated thirteen points relied on, many of which are overlapping, and several of which do not touch on the merits. Underlying them all are the following premises: that Juanita in fact survived; that as a surviving spouse she could not be divested by will of more than one-half her husband's estate without her consent; and that she did not give such consent. Therefore, it is contended, the common disaster clause which deprived her of the entire estate was invalid, or at least her estate was entitled to a surviving spouse's one-half.

This argument, which is the core of appellant's case, will not withstand analysis.

Taking the evidence in the light most favorable to the appellant, the trial court could have found that Juanita survived by at most thirteen or fourteen minutes—three or four until the witness arrived at the scene, ten more until the passing doctor arrived. The trial court was content to find that Lee and Juanita died "at or about the same time," since this was all that was necessary to bring the common disaster clause of the will into play. Juanita's survival may thus be conceded *arguendo,* and her lack of consent to the will is not an issue. What was her position as a surviving spouse?

Under K. S. A. 59-603 she was entitled to make an election to take what she would be entitled to under the laws of intestate succession; the election had to be made within six months after

probate, by virtue of K. S. A. 59-2233. Prior to 1951 her failure to elect would have resulted in her taking *against* the will, but in that year both statutes cited were amended (L. 1951, ch. 335) to make the result of inaction by the surviving spouse an election to take *under* the will. Here, obviously, there was no election filed by Juanita during her lifetime, and we have implicitly recognized the general rule that the right to make such an election is a personal privilege which does not inure the heirs or personal representative of the surviving spouse but dies with him. *In re Estate of Henderson,* 176 Kan. 168, 172, 268 P. 2d 941. And see, 97 C. J. S. *Wills* § 1246; 57 Am. Jur., *Wills* §§ 1530, 1531.

Appellant cites no authority for the proposition that mere lack of consent invalidates a will or any portion thereof, or has any effect other than to give the survivor the right to make the statutory election. A surviving spouse may be totally and unconditionally disinherited without affecting the validity of the will—the survivor has a statutory remedy if dissatisfied. Our cases are to the effect that even where such an election *is* made the will should nevertheless operate on the balance of the estate. *Tomb v. Bardo,* 153 Kan. 766, 114 P. 2d 320; *In re Estate of Mullin,* 201 Kan. 756, 443 P. 2d 331.

The result is that the disinheriting feature of the common disaster clause did not invalidate the will and was itself not invalid.

What has been said disposes of five of appellant's points (Nos. 1, 10-13), all claiming in essence that summary judgment was premature. The only significant *factual* issue claimed to be unresolved was whether Juanita survived. Since her rights (and appellant's derivative rights) were unaffected by a determination of that fact one way or the other, it cannot be said to be a "material" fact so as to prevent the rendition of summary judgment. *Secrist v. Turley,* 196 Kan. 572, 575, 412 P. 2d 976; *Shehi v. Southwest Rentals, Inc.,* 199 Kan. 265, 428 P. 2d 838.

It likewise disposes of the point (No. 2) that the common disaster clause couldn't deprive Juanita of her interest because she hadn't consented; such consent was unnecessary.

Two points (Nos. 3 and 8) relate to the fact that appellant, who was Juanita's sole heir, was given no notice of the hearing on the petition to probate Lee's will. K. S. A. 59-2222 requires notice unless waived. Those who can waive (and hence are entitled to notice) are designated in K. S. A. 59-2223 as "the parties interested as heirs, devisees, and legatees." As to Lee Messenger, appellant

was none of these. To this may be added that she has never claimed to have any defense to the probate of the will or any objection to any part of it except by way of the "no consent" argument disposed of above. As stated in her brief, "The plaintiff recognizes the Will except for the construction given it by the district court which, in effect, allows a husband to disinherit his wife by inserting a common disaster clause in his Will."

Her position likewise renders academic appellant's point No. 7, claiming the evidence at the original probate hearing was insufficient.

She asserts (as point No. 5) that the district court erred in finding that her assorted pleadings in the probate court were not a "claim" within the meaning of the nonclaim statute, K. S. A. 59-2239. The bearing of this finding on the ultimate result is obscure, although if they *had* constituted a claim the matter should have been transferred to the district court in the first instance under K. S. A. 59-2402a. In any event, the pleadings did not disclose any liability or obligation existing or accruing during Lee's lifetime, but rather an assertion of Juanita's right to *inherit.* Such a right is not a "claim" against an estate. *In re Estate of Lytle,* 184 Kan. 304, 336 P. 2d 803; *In re Estate of Welch,* 167 Kan. 97, 204 P. 2d 714. A right to inherit stems from an entirely different source than a right asserted under an antenuptial *contract,* such as that considered in *In re Estate of Sterba,* 193 Kan. 56, 392 P. 2d 136, relied on by appellant.

We have examined appellant's three other contentions, relating to alleged inconsistencies in the trial court's findings, its alleged refusal to recognize its jurisdiction, and its failure to find fraud perpetrated on her. They appear to be without substance.

No error having been made to appear, the judgment is affirmed.

APPROVED BY THE COURT.

OWSLEY, J., not participating.