(837 P.2d 1319)

No. 67,225

RICHARD MURPHY, *Appellant,* v. SILVER CREEK OIL & GAS, INC., and SILVER CREEK MANAGEMENT CORPORATION, *Defendants,* and UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellee.*

Opinion filed July 10, 1992.

*James E. Benfer, III,* of McCullough, Wareheim & LaBunker, P.A., of Topeka, for appellant.

*Arthur S. Chalmers,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for appellee.

Before RULON, P.J., ELLIOTT and PIERRON, JJ.

ELLIOTT, J.: In a tort action for injuries arising out of an oil well explosion, Richard Murphy took a consent judgment against Silver Creek Oil & Gas, Inc., (Silver Creek) for $750,000. Murphy then garnished United States Fidelity & Guaranty Company (USF&G), Silver Creek's alleged insurer. District Judge Montie Deer granted summary judgment in favor of USF&G; Murphy appeals.

We affirm.

A summary of undisputed facts follows. After Murphy sustained injuries in the oil well explosion, he filed a workers compensation claim against Mo's Well Service, Silver Creek, and Silver Creek

Management, Inc. After discovery and a hearing, the administrative law judge found that while Murphy was working on a rig controlled by Mo's Well Service, he was being paid by Silver Creek and was therefore an employee of Silver Creek. The administrative law judge also found that Murphy was a statutory employee of Silver Creek Management under K.S.A. 44-503(a). An award was entered against Silver Creek and Silver Creek Management jointly and severally.

On review, the director was asked to determine whether Murphy was an employee or statutory employee of Silver Creek or Silver Creek Management and to determine the liability of the Workers Compensation Fund. The director affirmed the award, but ordered the Fund to pay the entire award. No one appealed the director's decision.

Murphy then filed the present tort case. Defendants, remarkably, did not plead a workers compensation defense and conducted no discovery whatsoever. Silver Creek subsequently filed for bankruptcy and Silver Creek Management was eventually dismissed from the case.

Subsequent to Silver Creek's bankruptcy filing, Murphy agreed to settle the case with Silver Creek for $750,000 and agreed to exempt Silver Creek's directors and stockholders from any personal liability. An agreed journal entry was signed by the trial court; Murphy's employment status with Silver Creek and his compensation award were not brought to the attention of the district court.

Murphy then garnished USF&G, seeking to collect his stipulated judgment. USF&G denied liability on two grounds: Its policy with Silver Creek had been cancelled prior to the accident for nonpayment of premiums and the judgment was unreasonable and unenforceable under Kansas law. Summary judgment was granted on the second ground.

The only disputed fact in this case is whether USF&G provided coverage at the time of Murphy's accident. Silver Creek does not deny that its policy had been cancelled for nonpayment of premiums. Silver Creek argues that an agent for USF&G orally bound coverage just hours prior to Murphy's accident. The coverage question has never been adjudicated. However, under our reasoning, this disputed fact becomes immaterial and thus does

not bar summary judgment. See *In re Estate of Messenger,* 208 Kan. 763, Syl. ¶ 4, 494 P.2d 1107 (1972).

The first question for our determination is whether collateral estoppel applies to the administrative law judge's finding that Murphy was an employee of Silver Creek. USF&G urges that it is, and therefore Murphy is precluded from bringing a tort suit against Silver Creek and any settlement of that suit would be unreasonable and unenforceable as a matter of law. See *Hollingsworth v. Fehrs Equip. Co.,* 240 Kan. 398, Syl. ¶ 3, 729 P.2d 1214 (1986); K.S.A. 44-501(b).

Murphy, on the other hand, argues that even if collateral estoppel applies to administrative agency rulings, the requirements were not met because the determination of Murphy's employment was not necessary to the workers compensation award. See *Bud Jennings Carpets & Draperies, Inc. v. Greenhouse,* 210 Kan. 92, 96, 499 P.2d 1096 (1972).

This narrow question has not been directly addressed by the Kansas courts. But in *Neunzig v. Seaman U.S.D. 345,* 239 Kan. 654, 659-60, 722 P.2d 569 (1986), the court held that res judicata applies to administrative decisions when the agency is acting in a judicial capacity; the language of the opinion is broad enough to include all final administrative decisions if there are sufficient due process protections.

In *Tidewater Oil Company v. Jackson,* 320 F.2d 157, 161 (10th Cir. 1963) (Kansas law), the court held that administrative decisions are binding on matters within the agency's competence if the issue was fully litigated on ultimate facts. The court stated that a "suitor may have a full day in court in an administrative tribunal, on matters within its competence, quite as effectively and conclusively as any other adjudicatory tribunal." 320 F.2d at 161.

In *Quigley v. General Motors Corp.,* 660 F. Supp. 499 (D. Kan. 1987), the court implicitly acknowledged that collateral estoppel applies to administrative decisions, but refused to apply it because all the requirements were not met.

In the present case, Murphy argues the finding that he was an employee of Silver Creek was not necessary to the director's decision because liability was ultimately imposed on the Fund. We disagree. This finding was a necessary first step in awarding

compensation. The director could not impose liability on the Fund without first determining that Murphy was an employee of Silver Creek and a statutory employee of Silver Creek Management, and further finding that both employers were uninsured and financially unable to pay compensation to the injured worker. See K.S.A. 44-532a.

In short, the cases discussed above support application of collateral estoppel to administrative decisions where the requirements of the doctrine are met and the proceeding is judicial in nature. Further, our holding is in line with current trends in the law. See, *e.g.*, *United States v. Utah Constr. Co.*, 384 U.S. 394, 422, 16 L. Ed. 2d 642, 86 S. Ct. 1545 (1966); *Smith v. Pinner*, 891 F.2d 784, 787 n.4 (10th Cir. 1989); *Bresnahan v. May Dept. Stores Co.*, 726 S.W.2d 327 (Mo. 1987); *Liller v. W. Va. Human Rights Com'n*, 180 W. Va. 433, 376 S.E.2d 639 (1988).

Each of the requirements of collateral estoppel was met in the present case. The parties were the same. The issues were fully litigated on the merits, with discovery, depositions, and the opportunity to present witnesses. The director specifically reviewed the question of Murphy's employer, and that decision was necessary to the award. Murphy was precluded from bringing the tort action against Silver Creek. And the exclusivity of workers compensation should have been an affirmative defense available to Silver Creek, had it been pled.

Murphy also argues that USF&G cannot assert any affirmative defenses in the garnishment proceeding because it refused to defend Silver Creek in the underlying tort action. Again, we disagree.

Our Supreme Court in *Glenn v. Fleming*, 247 Kan. 296, 318, 799 P.2d 79 (1990), held that a settlement such as the one in the present case may be enforced against an insurer "only if it is reasonable in amount and entered into in good faith."

Murphy contends that an insurer has a duty to defend where there is a remote possibility that coverage exists, and when an insurer breaches that duty to defend, it is liable for the full amount of any settlement made by the insured. See *Spruill Motors, Inc. v. Universal Underwriters Ins. Co.*, 212 Kan. 681, 686, 512 P.2d 403 (1973); *George R. Winchell, Inc. v. Norris*, 6 Kan.

App. 2d 725, 727, 633 P.2d 1174, *rev. denied* 230 Kan. 817 (1981).

Murphy's arguments fail for a couple of reasons. First, the facts of this case do not come within the *Spruill* ruling. The issue here is not whether Murphy's accident was an insured risk within the terms of Silver Creek's alleged policy with USF&G. Rather than raising an exclusionary defense, USF&G maintains no policy of insurance existed at all. See *American Fidelity Ins. Co. v. Employers Mut. Cas. Co.*, 3 Kan. App. 2d 245, 250-51, 593 P.2d 14 (1979); *Williams v. Community Drive-In Theatre, Inc.*, 3 Kan. App. 2d 352, 359, 595 P.2d 724, *rev. denied* 226 Kan. 793 (1979) (Rees, J., concurring) (*Spruill* applies to questions of risk coverage, not whether a person falls within the policy definition of an insured.).

Where the contested issue is whether a person is in fact insured, we have adopted an ultimate showing or retrospective test. Before the duty to defend applies, it must be shown that the person was in fact an insured under the policy. *Williams*, 3 Kan. App. 2d at 354.

Murphy may not argue that USF&G had a duty to defend merely because Silver Creek alleged an agent of USF&G orally bound coverage just hours before Murphy's accident. If Silver Creek could ultimately prove coverage existed, a remedy for breach of contract would exist. See *Williams*, 3 Kan. App. 2d at 355.

Second, Murphy's argument that USF&G is liable for the full amount of the settlement fails because the liability of an insurer as a result of an unjustified refusal to defend is not unlimited. It does not obligate the insurer to pay the amount of an unreasonable settlement or a settlement made in bad faith. *George R. Winchell, Inc.*, 6 Kan. App. 2d at 727.

This brings the argument full circle. We have held that under the facts of this case, collateral estoppel applies to the administrative proceedings. Thus, Murphy was Silver Creek's employee. As a result, Murphy cannot recover on his tort action against Silver Creek as a matter of law.

It follows that settlement of the tort suit for *any* amount is patently unreasonable. See *United Services Auto Ass'n v. Morris*, 154 Ariz. 113, 120, 741 P.2d 246 (1987).

Affirmed.