(883 P.2d 781)
No. 70,757

SANDRA DECKER, as natural parent and next best friend of SANDY KNOFFLOCH, *Plaintiff*, ANDREW L. VEAL, *Intervening Plaintiff/ Appellant*, and LINDA A. GUFFEY, *Intervening Plaintiff*, v. AVIS RENT A CAR SYSTEM, INC., *Defendant*, and CONTINENTAL CASUALTY COMPANY, *Defendant/Appellee.*

Opinion filed October 28, 1994.

*Clifford L. Bertholf*, of Wichita, for appellant.

*Gregory G. Schultz*, of Turner and Boisseau, of Overland Park, and *Daniel G. Menzie*, of Turner and Boisseau, of Wichita, for appellee.

Before BRAZIL, P.J., GERNON, J., and C. FRED LORENTZ, District Judge, assigned.

LORENTZ, J.: Andrew Veal appeals the ruling of the district court granting summary judgment in favor of Continental Casualty Company (Continental).

Veal was involved in an accident while driving a car rented by Jeanne Patton, his sister, from Avis Rent A Car System, Inc. (Avis).

Following the filing of a lawsuit, a jury found Veal negligent and awarded damages to Sandy Knoffloch and Linda Guffey. This will be referred to as the "underlying suit." Knoffloch, through her mother, Sandra Decker, filed suit against Avis and American Family Mutual Insurance Company, her uninsured motorist insurance carrier, to recover the judgment in the underlying suit. Guffey intervened in the suit against Avis to recover her judgment in the underlying suit, and Veal also intervened in the suit against Avis, claiming his cost of defense in the underlying suit. Decker's and Guffey's claims were dismissed following settlement. Veal later filed an amended intervention petition adding Avis' insurance carrier, Continental, as a defendant. The only claim remaining was Veal's claim for his cost of defense.

At the time of rental of the car, Patton signed a rental agreement in her name. The rental agreement provided:

"WHO ELSE MAY DRIVE THE CAR. ONLY MY SPOUSE. MY EMPLOYER OR A REGULAR FELLOW EMPLOYEE INCIDENTAL TO BUSINESS DUTIES OR SOMEONE WHO APPEARS AT THE TIME OF RENTAL AND SIGNS AN ADDITIONAL DRIVER FORM, MAY DRIVE THE CAR BUT ONLY WITH MY PRIOR PERMISSION."

Immediately above Patton's signature, the contract states: "I have read and agree to the terms on both sides of this agreement." The contract also provides that only those persons permitted to drive the vehicle according to the agreement are afforded liability insurance. Veal was not listed as an additional driver and did not complete an additional driver form.

The "omnibus clause" of the automobile liability insurance policy issued to Avis by Continental provided:

"1. You [Avis] are an insured for any covered auto.

"2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow . . . ."

The policy provided Continental had a duty to defend an insured.

Prior to trial, Avis and Continental filed a motion in limine to exclude evidence of any oral communications prior to or contemporaneous with the signing of the Avis rental contract. Veal proffered the following evidence after the trial court granted the motion in limine.

Veal called Avis to find out the requirements for renting a car. Avis told him he had to have a credit card to rent a car or that he could rent a car if he got someone with a credit card. Patton agreed to help him and made a reservation to rent a car.

Veal and Patton went to Avis to get the car. The Avis agent found the reservation on the computer and asked if a four-door would be okay. Veal responded affirmatively. The agent then asked Patton if she wanted certain insurance. Patton turned to Veal, and Veal responded he did not. The agent then asked Veal about another type of insurance, and Veal told her he did not want that kind either. The agent then asked Patton to initial the contract to indicate she declined the additional insurance. Veal asked the agent if a fee would be charged if the car was late. After learning there was a late fee, Veal asked if he could drop the car off Sunday night and come in Monday night to pay the bill. The agent told him he could and explained what to do with the keys. The agent laid the keys on the counter near Patton and Veal. Veal picked up the keys and asked the agent where the car was as he was leaving. Veal had the keys in his hand as he left, and the agent saw him pick up the keys.

At the time of rental, the agent never asked who would be driving the car, the relationship between Veal and Patton, to see a driver's license, or for Veal to sign an additional driver form. The agent did not advise Veal or Patton that not listing an additional driver would affect liability protection. Veal alleged the agent was aware he would be driving the car. Patton and Veal testified Veal was using the car for his own purposes.

The trial court granted summary judgment in favor of Avis and Continental.

Veal contends the trial court erred in finding Continental did not have a duty to defend him. He argues the contract at issue in this case is the insurance policy, not the rental contract, and he is, therefore, an insured under the insurance policy because he had implied consent from Avis to drive the car. He further argues the rental agreement was not the only way to get permission to drive the car and he had implied permission because Avis allowed him to pick up the keys, told him where the car was, explained where to return the car, and arranged for payment at a later time.

The trial court refused to allow evidence of oral communications made prior to or contemporaneous with execution of the rental contract because the evidence would alter its terms. After excluding parol evidence, the trial court held Veal was not operating the vehicle with the insured's permission and was not, therefore, covered under the omnibus clause of the liability insurance policy.

We must determine whether Veal was a permissive driver under the omnibus clause based on alleged implied permission from Avis, notwithstanding the express prohibition in the rental agreement.

"The construction of a written instrument is a question of law, and the instrument may be construed and its legal effect determined by the court on appeal." *Barbara Oil Co. v. Kansas Gas Supply Corp.*, 250 Kan. 438, 455, 827 P.2d 24 (1992).

For public policy reasons, the omnibus clause of an automobile liability insurance policy is to be liberally construed. *Alliance Mutual Cas. Co. v. Hartford Accident & Indemnity Co.*, 210 Kan. 769, Syl. ¶ 2, 504 P.2d 161 (1972). The permission referred to in the omnibus clause "may be express or implied and may be established by facts and circumstances showing a course of conduct signifying acquiescence or consent on the part of the named insured." *Gangel v. Benson*, 215 Kan. 118, Syl. ¶ 1, 523 P.2d 330 (1974).

This rule tightens, however, where the named insured expressly prohibits the first permittee from letting other persons use the car. The *Gangel* court adopted the general rule that " 'a second

permittee using the automobile solely for his own purposes is not entitled to protection under the omnibus clause where the named insured expressly prohibited the initial permittee from allowing other persons to use or operate the car.' " 215 Kan. at 123-24 (quoting Annot., 4 A.L.R.3d 10).

Because of the harshness of this rule, the *Gangel* court recognized that an express prohibition may not prevent application of the omnibus clause where (1) the first permittee is actually in the car, (2) the car is being used for the benefit of the first permittee or of the named insured, (3) the first permittee has an equivalent of equitable title and has unfettered control over the daily use of the car outside of the surveillance of the named insured, (4) the named insured is aware of past violations of instructions but allows the permittee to retain possession, or (5) an emergency arises. 215 Kan. at 124-25. The court specifically noted this list of factors is comprehensive. 215 Kan. at 125.

Veal argues this case is distinguishable from *Gangel* because Avis knew he was going to be driving. He concedes that none of the exceptions enumerated in *Gangel* specifically apply to this case. He asks that another exception be recognized. Based on the fourth exception, Veal asserts it is clear that consent should be implied where the named insured (Avis) is aware of a current or an intended violation of use restrictions by a second permittee (Veal) but, nevertheless, allowed the initial permittee (Patton) to have possession.

Even accepting the evidence proffered by Veal as true, Veal presents absolutely no evidence that Avis knew of a current or intended violation of the rental agreement. The communications with the agent did not reveal the relationship between Patton and Veal. As far as the agent knew, Veal was Patton's spouse or co-worker and was expressly permitted to drive in the rental agreement. Veal's argument to establish a new exception under the facts of this case is not persuasive.

Veal argues he had "at least" implied permission from Avis. *Gangel,* however, appears to be controlling. Both Veal and Patton conceded Veal was using the car for his own purposes. In the rental agreement, Avis expressly prohibited anyone from driving

the car except those persons named in the agreement. Veal was not named in the agreement. Based on *Gangel*, Veal (a second permittee), using the car for his own purposes, is not entitled to protection under the omnibus clause because Avis (the named insured) expressly prohibited Patton (the initial permittee) from allowing other persons, including Veal, to use or operate the car.

Veal relies on *Krupp v. Pan Air Corporation*, 183 So. 2d 403 (La. App. 1966). In *Krupp*, on at least 16 occasions, a Hertz vehicle was rented for visiting air crews from Brazil. The usual procedure was for Hertz to deliver a car to the Pan Air hangar and obtain a Brazilian officer's signature on the rental agreement. When no one at Hertz was available to deliver a car, a Pan Air employee would pick up the car from Hertz and sign the rental agreement. The rental agreement prohibited use by any person other than the lessee or the lessee's immediate family, employer, or employee. On one occasion, a Pan Air employee signed the contract, provided his own driver's license, and informed the Hertz agent that the automobile was being rented for the Brazilian crew. A Brazilian officer driving the car then had an accident. 183 So. 2d at 408-09. The court found Hertz had impliedly consented to use of the car by members of the Brazilian crew and that the driver of the car was covered by the liability policy.

*Krupp* is distinguishable from this case. The court in *Krupp* based its holding on Hertz' acquiescence and prior course of conduct in renting cars to the Brazilian air crew. These facts are not present in this case. Furthermore, *Krupp* falls within the fourth exception listed in *Gangel*. It is also important to note the Louisiana court later held that where the rental agreement provides that additional drivers must be listed, a driver operating the vehicle with permission of the lessee but not listed on the rental agreement was not a second permittee and thus not insured under the lessor's liability policy. See *Colston v. Liberty Mutual Insurance Company*, 210 So. 2d 152 (La. App. 1968).

Based on *Gangel*, the summary judgment entered in favor of Continental was proper as Veal was not an insured and, therefore, not covered under the omnibus clause of the liability insurance policy. Because Veal was not an insured, Continental had no duty

to provide a defense for him. "Before the duty to defend applies, it must be shown that the person was in fact an insured under the policy." *Murphy v. Silver Creek Oil & Gas, Inc.*, 17 Kan. App. 2d 213, 217, 837 P.2d 1319, *rev. denied* 251 Kan. 939 (1992).

Although Veal contends the trial court erred in not allowing the admission of parol evidence to show that he had implied permission to use the car, that issue is now moot in that even if he had implied permission from Avis, based on *Gangel*, he was not an insured.

Affirmed.