GREAT PLAINS MUTUAL INSURANCE COMPANY, INC., Plaintiff,

v.

NORTHWESTERN NATIONAL CASUALTY COMPANY, Defendant.

Civil A. No. 94–2087–GTV.

United States District Court, D. Kansas.

Jan. 30, 1996.

Thomas R. Larson, Watson & Marshall L.C., Olathe, KS and Stuart K. Shaw, Watson & Marshall L.C., Kansas City, MO, for plaintiff.

David P. Madden, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This declaratory judgment action involves a dispute between two insurance companies over the allocation of liability and defense costs incurred in an underlying personal injury negligence action brought in state court.

Following a trial to the court and after careful consideration of the evidence and arguments in this case, the court concludes that plaintiff is not entitled to recover because defendant's insurance policy does not provide coverage to plaintiff's insured.

Pursuant to Fed.R.Civ.P. 52(a), the court makes the following findings of fact and conclusions of law.

### I. Findings of Fact

Initially, a review of the facts in the underlying case is helpful in understanding the issues confronting the court in the present action.

#### A. The Underlying Action

1. Daniel Smith brought the underlying personal injury action as a result of injuries he sustained while performing maintenance work on a 1979 Massey–Ferguson 750 combine owned by Dean Stroberg. On June 19, 1989, Smith's hands were seriously injured when they became entangled in a belt on the engaged threshing mechanism. Smith had been operating the combine for wheat harvest on Dean Stroberg's farm.

2. At the time of the accident, Dean Stroberg paid Smith's wages and Smith considered Dean Stroberg to be his employer.

3. Dean Stroberg's son, David Stroberg, was also working to complete wheat harvest on his father's farm. David arrived shortly after the accident occurred and released Smith's hands from the engaged belt.

4. David Stroberg assisted his father in the farming operations and often gave instructions to Smith regarding the work Smith performed on the Stroberg farm. Smith considered David Stroberg to be his day-to-day supervisor.

5. Dean Stroberg was 74 years old at the time of trial in the underlying action. For 30 years, Dean Stroberg operated Stroberg Equipment Co. Inc., which manufactured cattle-handling equipment. He also engaged in farming activities.

6. David Stroberg was 36 years old at the time of trial in the underlying action. He resided several hundred yards from the house where his parents lived. He worked for Stroberg Equipment Co., Inc. from the time he was a teenager. In the early 1980s, he obtained an ownership interest in the company from his father.

7. In the late 1970s and 1980s, David Stroberg developed and expanded his own farming operation. Until 1988, he was employed by Dean Stroberg to do farm work for an hourly wage. By 1989 and at the time of Smith's injuries, David Stroberg received no hourly wages from Dean Stroberg for the farm work he performed, but he continued to be active in the operation of his father's farm.

8. David Stroberg often worked on Dean Stroberg's farm in exchange for use of his father's equipment.

9. As a result of the injuries Smith sustained while working on Dean Stroberg's combine, Smith brought a personal injury action against the manufacturer of the combine, Massey–Ferguson, Inc., on a products liability theory, and against Dean Stroberg, David Stroberg, and Stroberg Equipment Company, Inc. on a negligence theory. The action was filed on September 18, 1991, in the District Court of Sedgwick County, Kansas.

10. In the underlying action, Smith alleged that he was employed at a farming enterprise conducted and operated jointly by

Dean Stroberg and David Stroberg and that they were liable for a "failure to provide a reasonably safe work place and reasonably safe equipment." Smith did not allege that David Stroberg was an employee of his father, Dean Stroberg, but instead proceeded on a theory that David Stroberg was an "employer" of Smith.

11. Prior to trial, Smith dismissed his claims against Stroberg Equipment Company and settled his claims with Dean Stroberg for $172,500. After the jury was empaneled, Smith also settled his claims with Massey–Ferguson.

12. Shortly before trial, Smith offered to settle his claims against David Stroberg for $75,000. The settlement offer was refused.

13. The jury trial in the underlying case began on January 25, 1993. Smith's claims proceeded against the only remaining defendant, David Stroberg, and the jury awarded Smith $534,138. The jury apportioned fault as follows: David Stroberg 60%, Dean Stroberg 20%; Massey–Ferguson 10%; and Smith 10%. David Stroberg was liable to Smith in the amount of $320,428.80. The award was affirmed on appeal in *Smith v. Massey–Ferguson, Inc.*, 256 Kan. 90, 883 P.2d 1120 (1994).

14. The jury was instructed that David Stroberg could be liable for Smith's injuries if he undertook the duties of Smith's employer, Dean Stroberg. The court instructed the jury regarding David Stroberg's liability as follows:

A supervisor of employees or a farm manager is a person who by agreement with the owner performs or is to perform such services for the owner, with or without compensation. The agreement may be written, oral or implied by the behavior of the parties.

Under Kansas law, if David Stroberg undertook, gratuitously or for some compensation, to carry out services for Dean Stroberg, David Stroberg was under a duty to carry out those services with reasonable care. If David Stroberg undertook, gratuitously or for some compensation, to carry out duties owed by Dean Stroberg as employer, to employee Dan Smith, David Stroberg was under a duty to carry out that undertaking with reasonable care and without negligence.

Jury Instruction No. 7.

15. The jury was not instructed on theories of agency, master and servant, or respondeat superior regarding the relationship between Dean Stroberg and his son, David Stroberg.

16. Evidence was presented in the underlying trial that either Dean or David Stroberg had removed a safety shield from the combine prior to Daniel Smith's accident.

*B. The Present Case*

17. At the time of Smith's injury, the son, David Stroberg, was insured under a farmowner's policy issued by Swedish American Mutual Insurance Company, Inc. (Swedish American). Plaintiff Great Plains Mutual Insurance Company, Inc. (Great Plains) is the successor in interest to Swedish American. Great Plains is a Kansas corporation with its principal place of business in Missouri. Plaintiff Great Plains provided David Stroberg's defense in the underlying action.

18. Defendant Northwestern National Casualty Company (Northwestern) insured the father, Dean Stroberg, and Stroberg Equipment Company, Inc. under a farmowner's policy. Northwestern is a Wisconsin corporation with its principal place of business in Wisconsin. Defendant Northwestern provided the defense for Dean Stroberg and Stroberg Equipment in the underlying action.

19. Approximately one month prior to trial in the underlying action, plaintiff Great Plains demanded that defendant Northwestern assume the defense of David Stroberg. Great Plains contended that David Stroberg was insured under the Northwestern policy issued to his father, Dean Stroberg, and Stroberg Equipment because David was an employee of his father and a shareholder of Stroberg Equipment. Northwestern refused to assume David Stroberg's defense.

20. Following an appeal to the Kansas Supreme Court, plaintiff Great Plains paid the underlying judgment entered against David Stroberg. Plaintiff obtained an assignment of any and all of David Stroberg's

rights under his father's Northwestern policy.

## II. Conclusions of Law

Jurisdiction is proper in this court based upon diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds $50,000 and the parties are citizens of different states. Jurisdiction is also based upon 28 U.S.C. § 2201, in that plaintiff seeks a declaration of the respective duties, rights, and obligations of the parties regarding insurance coverage issues.

"In making choice of law determinations, a federal court sitting in diversity must apply the choice of law provisions of the forum state in which it is sitting." *Shearson Lehman Brothers, Inc. v. M & L Investments*, 10 F.3d 1510, 1514 (10th Cir.1993) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941)). In cases involving interpretation of a contract, Kansas courts apply the law of the place where to contract was made. *Simms v. Metropolitan Life Ins. Co.*, 9 Kan.App.2d 640, 642, 685 P.2d 321, 324 (1984). The contracts at issue were entered into in the state of Kansas. As a result, Kansas law applies to the determination of insurance coverage presented in this case.

Plaintiff Great Plains seeks indemnification from defendant Northwestern for the underlying judgment entered against David Stroberg as well as defense costs incurred in defending David in the underlying action. Plaintiff contends that David Stroberg was insured under the Northwestern policy issued to his father, Dean Stroberg and Stroberg Equipment on two bases: (1) David Stroberg was an employee of Dean Stroberg, and (2) David Stroberg was a stockholder of Stroberg Equipment. Great Plains takes the position that Northwestern had the primary coverage of David Stroberg and that the Great Plains policy was excess coverage only. Defendant Northwestern argues that plaintiff is not entitled to indemnification or contribution because David Stroberg was not insured under the Northwestern policy.[1]

"Where there are primary and excess carriers and the primary fails to defend its insured in a liability suit and the excess insurer defends and pays a resulting judgment, the excess carrier is subrogated to the rights of the insured to seek reimbursement from the primary insurer." 16 George J. Couch, Couch on Insurance 2d § 61:38 (rev. ed. 1983) (citing *Hartford Fire Ins. Co. v. Western Fire Ins. Co.*, 226 Kan. 197, 597 P.2d 622 (1979)). Plaintiff contends that it is an excess insurer and that defendant is the primary insurer under the "other insurance" provisions in each policy. The Northwestern "other insurance" clause provides that:

> (8) Other Insurance—Coverage G—Personal Liability. If a loss covered by this section is also covered by other insurance, we will pay only the proportion of the loss that the limit of insurance that applies under this policy bears to the total amount of insurance covering this loss. . . .

This is a typical pro rata "other insurance" clause. *See Western Casualty and Sur. Co. v. Trinity Universal Ins. Co. of Kan. Inc.*, 13 Kan.App.2d 133, 138, 764 P.2d 1256, 1260, *aff'd*, 245 Kan. 44, 775 P.2d 176 (1989). "Pro rata clauses provide that the insurer will pay a prorated share of a loss, usually in the proportion the policy limits bear to the total limits of all valid and collectible insurance." *Id.*

The Swedish American/Great Plains "other insurance" clause provides that:

> (4) **Insurance Under More Than One Policy.** If there is other valid and collectible insurance which applies to a loss or claim, or would have applied in the absence of this policy, the insurance under this policy shall be considered excess insurance and shall not apply or contribute to the payment of any loss or claim until the amount of such insurance is exhausted.

This is a typical excess "other insurance" clause. *See id.* "Excess clauses provide that the insurer's liability will be only the amount by which the loss exceeds the coverage of all other valid and collectible insurance." *Id.*

1. Defendant makes several other arguments that plaintiff is not entitled to indemnification. Because the court concludes that David Stroberg is not insured under the Northwestern policy, the court finds it unnecessary to address defendant's remaining arguments.

■ *Western Casualty* involved two similar competing "other insurance" clauses. The Kansas Court of Appeals held that the policy with a pro rata clause is the primary insurance and the policy with an excess clause provides secondary coverage only. *Id.* at 1263. The court concluded that the policy with the pro rata clause should be applied to the loss first up to its policy limits, and that the policy with the excess clause could be utilized only after the other insurance had been exhausted. *Id.* The court concludes that if David Stroberg is entitled to coverage under the Northwestern policy, then it provides the primary coverage.

■ An insurer is not entitled to indemnification or contribution from another insurer for payment of a liability claim unless both insurers insure the same interests. *American States Ins. Co. v. Hartford Accident and Indem. Co.*, 218 Kan. 563, 571, 545 P.2d 399, 407 (1976); *Western Casualty and Sur. Co. v. Trinity Universal Ins. Co. of Kan. Inc.*, 13 Kan.App.2d 133, 138, 764 P.2d 1256, 1260, *aff'd*, 245 Kan. 44, 775 P.2d 176 (1989).

■ Plaintiff argues that defendant had a duty to defend David Stroberg in the underlying action because he is an insured under the Northwestern policy. "Before the duty to defend applies, it must be shown that the person was in fact an insured under the policy." *Murphy v. Silver Creek Oil & Gas, Inc.*, 17 Kan.App.2d 213, 217, 837 P.2d 1319 (1992); *see also Williams v. Community Drive–In Theatre, Inc.*, 3 Kan.App.2d 352, 595 P.2d 724 (1979).

■ The liability coverage section of the Northwestern policy provides in pertinent part:

**A. Coverage G—Personal Liability**

If a claim is made or a suit is brought against any "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. pay up to our limit of insurance for the damages for which the "insured" is legally liable; and

2. provide a defense at our expense by counsel of our choice. . . .

The Northwestern policy defined "insured" to include not only the named insureds listed in the declarations of the policy (Stroberg Equipment Co. Inc. and Dean Stroberg) but also means:

b. with respect to any vehicle to which this policy applies, any person while engaged in your employment. . . .

Exhibit 3, p. 13. The Northwestern policy does not define "vehicle," but does define "motor vehicle." A motor vehicle is defined as:

a. a motorized land vehicle designed for travel on public roads or subject to a motor vehicle registration. . . .

b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration. . . .

c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by any insured and designed for recreational use off public roads. . . .

d. any vehicle while being towed by or carried on a vehicle included in [a, b, or c].

The Massey–Ferguson combine does not fall within the definition of "motor vehicle." Plaintiff contends, however, that it is a "vehicle" covered by the Northwestern policy because it is not a "motor vehicle" and it is specifically identified in the policy under the Coverage D schedule of insurance. The court accepts that the combine is a "vehicle to which this policy applies."

■ The question remains whether David Stroberg was an employee of his father, Dean Stroberg, at the time that Daniel Smith was injured. If so, then it appears that the Northwestern policy provided primary coverage to David Stroberg and that Northwestern had a duty to defend David Stroberg in the underlying suit. Thus, the court first must determine the employment status of David Stroberg.

Plaintiff argues that David Stroberg's liability to Daniel Smith arose out of his status as a supervisory employee of his father, Dean Stroberg. The Kansas courts have articulated numerous factors that are relevant to a determination of an employer-employee relationship. *See Crawford v. State*

*Dep't of Human Resources,* 17 Kan.App.2d 707, 845 P.2d 703, 706 (1989) (listing twenty factors); *see also Bendure v. Great Lakes Pipe Line Co.,* 199 Kan. 696, 433 P.2d 558, 565 (1967) (determination of employment status is a fact specific inquiry); *Falls v. Scott,* 249 Kan. 54, 815 P.2d 1104, 1112 (1991) (courts rely heavily on whether employer has right of control and supervision to determine if employer-employee relationship exists). Based upon the deposition testimony, plaintiff argues that David Stroberg was an employee of Dean Stroberg at the time Daniel Smith was injured.

Defendant contends that the outcome of the underlying suit is controlling with respect to whether it had a duty to defend and indemnify David Stroberg as an insured under the Northwestern policy. Defendant asserts that the underlying suit proceeded on a theory of joint venture and that David Stroberg's liability resulted from his negligent undertaking as a volunteer or an independent contractor in his role as Daniel Smith's "employer." Defendant further alleges that the relationship between David Stroberg and his father at the time of Daniel Smith's accident was a gratuitous exchange of services, not an employer-employee relationship. *See* Jane Massey Draper, Annotation, *Exchange of Labor by Farmers as Creating Employment Relationship for Liability Insurance Purposes,* 89 A.L.R.3d 834, 836 (1979) (exchange of labor by farmers does not create employment relationship for liability insurance purposes).

The court finds it unnecessary to undertake a factual inquiry regarding David Stroberg's employment status in order to resolve the insurance coverage issues. The findings in the underlying case control the outcome here. In the underlying case, Daniel Smith alleged that the Dean and David Stroberg farms operated as a joint venture. At trial, the court instructed the jury that David Stroberg owed a duty to Daniel Smith if he "undertook, gratuitously or for some compensation, to carry out duties owned by Dean Stroberg as employer, to employee Dan Smith." The Kansas Supreme Court approved the duty instruction on appeal. *Smith v. Massey–Ferguson, Inc.,* 256 Kan.

90, 112–14, 883 P.2d 1120, 1134–36 (1994). The jury was not instructed on the issues of agency, master and servant relationships, or respondeat superior.

 How the jury was instructed in the underlying action is a fact from which legal consequences can follow. *See Southgate Bank v. Fidelity & Deposit Co. of Maryland,* 14 Kan.App.2d 454, 456, 794 P.2d 310, 313 (1990) ("[W]here there is a separate action on the [insurance] coverage question, issues decided against the insurer's interest in an underlying tort suit can have binding or estoppel effect."). In *Williams v. Community Drive–In Theatre, Inc.,* 3 Kan.App.2d 352, 355–56, 595 P.2d 724, 727 (1979), the Kansas Court of Appeals held that when a jury in an underlying personal injury action determined that an employee was not acting within the scope of her employment at the time of the tort, the employer's insurance did not extend coverage to the employee under the policy terms. Thus, the insurance company did not owe the employee a defense and was not required to pay damages to the injured party on the employee's behalf.

 In *State Farm Fire and Casualty v. Finney,* 244 Kan. 545, 549, 770 P.2d 460, 464 (1989), the Kansas Supreme Court held that when an insurance company agrees to defend its insured against a pending action while reserving its policy coverage defenses, the insurance company is not estopped from asserting its policy defenses in a subsequent coverage suit. Thus, an insurance company that defends an underlying suit can potentially re-litigate factual issues decided in the underlying case. *See Bell v. Tilton,* 234 Kan. 461, 674 P.2d 468 (1983) (insurance company was allowed to assert that the insured acted intentionally even though the jury had decided in the underlying case that the insured was merely negligent). This procedure encourages insurance companies to fulfill their contractual duty to defend even where there are legitimate questions regarding coverage. *Finney,* 244 Kan. at 549, 770 P.2d at 463–64.

*Finney* is not directly on point in the present coverage dispute. Great Plains did defend its insured, David Stroberg, in the underlying action under a reservation of rights. Great Plains does not dispute its

coverage of David Stroberg, but instead seeks a declaration that defendant Northwestern's coverage is primary. The court finds that *Finney* does not allow Great Plains to re-litigate issues decided in the underlying action because it does not seek to avoid coverage under its reservation of rights.

The court is unable to reconcile the basis for liability in the underlying action with a finding in the present case that David Stroberg was acting as an employee of Dean Stroberg at the time of Daniel Smith's accident. Great Plains vigorously argued in the underlying case that David Stroberg owed no duty to Daniel Smith because the duty to provide a safe work place rested with Smith's employer, Dean Stroberg. *Smith*, 256 Kan. at 113, 883 P.2d at 1135. The Kansas Supreme Court concluded that David Stroberg incurred liability through his negligent undertaking of the duties of an employer of Daniel Smith. David Stroberg was not merely a co-employee with Daniel Smith, but instead had taken on the role of employer. The court concludes that plaintiff is precluded from arguing in the present case that David Stroberg was an employee of his father, Dean Stroberg. The court concludes that plaintiff Great Plains is not entitled to indemnification or contribution from defendant Northwestern on this basis.

Next, plaintiff contends that David Stroberg was insured under the Northwestern policy because he was a stockholder of Stroberg Equipment. The "Additional Conditions" section of the Northwestern policy provides that:

1. Persons Insured

Each of the following is an Insured under this insurance to the extent set forth below:

(c) if the Named Insured is designated as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

Stroberg Equipment Company, Inc. is a named insured of the Northwestern Policy. Plaintiff argues that coverage extends to David Stroberg under the Northwestern policy because he was a stockholder of Stroberg Equipment on the date that Daniel Smith was injured.

It is clear from the policy language that David Stroberg is afforded coverage under the Northwestern policy when acting within the scope of his duties as a stockholder of Stroberg Equipment. Plaintiff's argument fails because it has not established that David Stroberg was acting within the scope of his duties as a stockholder at the time of the accident.

Daniel Smith voluntarily dismissed Stroberg Equipment from the underlying action and it incurred no liability for Smith's injuries. Smith's accident occurred while he and David Stroberg were completing wheat harvest on Dean Stroberg's farm. Stroberg Equipment was in the business of production of cattle-handling equipment. Smith's accident was not in any way connected with Stroberg Equipment's business. The court concludes that David Stroberg's liability was not premised on his capacity as a shareholder of Stroberg Equipment. Plaintiff is not entitled to indemnification on the theory that David Stroberg was insured under the Northwestern policy as a shareholder of Stroberg Equipment.

Plaintiff has failed to establish that David Stroberg was an insured under the Northwestern policy. Since the condition precedent to Northwestern's liability has not been met, the court concludes that Great Plains is not entitled to indemnification or contribution from Northwestern.

IT IS, THEREFORE, BY THE COURT ORDERED that judgment be entered in favor of defendant in accordance with the findings and conclusions contained in this Memorandum and Order.

IT IS FURTHER ORDERED that defendant's motion for judgment on the partial findings (Doc. 36) is denied as moot.

**IT IS SO ORDERED.**