(959 P.2d 920
No. 77,843

Jason A. Davey, *Appellant,* v. Jennifer S. Hedden, Richard C. Hedden, CKW, Inc., and Catherine A. Farnsworth, *Defendants,* and Farmers Alliance Mutual Insurance Company, *Appellee.*

Opinion filed May 22, 1998.

*F. C. "Rick" Davis, II* and *Kenneth H. Jack,* of Davis & Jack, L.L.C., of Wichita, for appellant.

*Stanford J. Smith, Jr.*, of Curfman, Harris, Rose, Weltz, Metzger & Smith, L.L.P., of Wichita, for appellee.

Before MARQUARDT, P.J., GERNON, J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, J.: Jason A. Davey appeals the district court's decision denying his request for a garnishment against Farmers Alliance Mutual Insurance Company (Farmers) to satisfy a judgment in his favor against Catherine A. Farnsworth for $277,137.43.

In October 1990, while on vacation, Richard Hedden and his wife, Jennifer, left two vehicles, a minivan and a Mercedes-Benz convertible, at home. The Heddens and CKW, Inc., were the owners and named insureds of the Mercedes-Benz, which was insured by Farmers.

The Heddens gave their two sons, Jeff and Jon, permission to drive the vehicles, but prohibited them from allowing anyone else to use them. Jeff and Jon, who were both 14 years old at the time, had restricted drivers' licenses.

On October 26, 1990, Jon drove the Mercedes-Benz to a party. At the party, 15-year-old Jason Davey talked Jon into allowing him to drive the Mercedes-Benz to a nearby gas station with a friend, Farnsworth, who was also 15 years old. Jon expected Davey to return the car within 15 minutes.

On the way to the gas station, Davey allowed Farnsworth to drive. Jon had not given Farnsworth permission to drive the car. When Farnsworth and Davey arrived at the gas station, Davey purchased $2 or $3 worth of gasoline. On the return trip from the gas station, Farnsworth lost control of the car and hit a tree. Davey was thrown into the windshield, suffering severe facial lacerations.

Davey sued Farnsworth, the Heddens, and Farmers. Davey reached a settlement agreement with Farnsworth, which was incorporated into a consent judgment. As a part of the settlement, Davey agreed not to execute the judgment against Farnsworth. The journal entry of judgment found Farnsworth to be comparatively at fault, holding her liable for $277,137.43.

The district court granted summary judgment in favor of the other defendants. Davey appealed, and the decision was affirmed

in *Davey v. Hedden*, 260 Kan. 413, 920 P.2d 420 (1996). The Kansas Supreme Court held that the acts of Davey and Farnsworth constituted an efficient and independent intervening cause and that any entrustment on the part of the Heddens was not the efficient cause of Davey's injuries. 260 Kan. at 428.

Davey then filed a request for garnishment against Farmers, seeking payment of the judgment against Farnsworth under the omnibus clause of the Heddens' automobile insurance policy. A bench trial was held, and the district court concluded, as a matter of law, that the Heddens had the authority to limit the use of their automobile; that Farnsworth was not a permittee of the Heddens and, therefore, was not entitled to protection under the omnibus clause of the insurance policy; and that none of the common-law exceptions to the general rule applied in this case. Judgment was entered in favor of Farmers. Davey timely appeals.

On appeal, Davey argues that the negligence of Farnsworth was covered by the omnibus clause of the Heddens' automobile insurance policy and, therefore, he has the right to recover the amount of the judgment against Farnsworth from Farmers.

The omnibus clause of the insurance policy states, in pertinent part:

"SECTION II-LIABILITY COVERAGE
   A.  COVERAGE
    . . . .
    1.  Who is an insured
       The following are 'insureds':
       a.  You for any covered 'auto'.
       b.  Anyone else while using with your permission a covered 'auto' you own, hire or borrow . . . ."

This section of the automobile policy also contains certain exceptions which are not applicable in this case.

It is undisputed that Jon's parents had given him permission to drive the Mercedes-Benz with the express prohibition that no one else drive the car and that Jon knew that he did not have permission to let anyone else drive the car.

In *Gangel v. Benson*, 215 Kan. 118, Syl. ¶ 2, 523 P.2d 330 (1974), the court held that "[a] family relationship existing between an

insured car owner and a person he permits to use the car is not sufficient, in and of itself, to imply consent or permission on the part of the insured that a second permittee, designated by the first, may also use the car." The *Gangel* court also stated that "[i]t is the general rule that a second permittee using the car solely for his own purposes is not entitled to protection under the omnibus clause of an automobile insurance policy where the named insured has expressly prohibited the first permittee from allowing other persons to use or operate the car." 215 Kan. 118, Syl. ¶ 3; see *Farmers Ins. Co. v. Schiller*, 226 Kan. 155, 160, 597 P.2d 238 (1979); *Decker v. Avis Rent A Car System, Inc.*, 20 Kan. App. 2d 43, 46-47, 883 P.2d 781 (1994), *rev. denied* 256 Kan. 994 (1995).

Because of the potential harshness of the general rule, certain exceptions have been recognized. The exceptions, which were first set out in *Gangel*, 215 Kan. at 124-25, are as follows:

"Permission may be implied in some cases if and when:
(1) The first permittee is actually in the vehicle;
(2) The car is being used for the benefit of the first permittee or the named insured;
(3) The first permittee has equitable title and unfettered control over the daily use of the car free of surveillance by the named insured;
(4) The named insured is aware of past violations of the restrictions but has continued to allow the permittee to have possession; or
(5) An emergency arises requiring such use." *Farmers*, 226 Kan. at 160.

Davey argues that the district court erred in holding that the offer to buy gas was an inducement for Jon to breach the promise that he had made to his parents not to let anyone use the car and that the purchase of $2 or $3 worth of gasoline was not a material benefit to the Heddens.

The standard of review in this case is clear. The function of an appellate court is to determine whether the district court's findings are supported by substantial competent evidence and whether the findings are sufficient to support the district court's conclusions of law. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991). This court's review of conclusions of law is unlimited. See 250 Kan. at 129.

We find that the district court applied the correct legal standard to this case. The facts fall squarely within the ambit of the general rule prohibiting unapproved permittees to claim the benefits of an automobile insurance policy. The district court examined the exceptions to the general rule and concluded that only the beneficial use exception could possibly have application in this case. The question, then, is whether there is substantial competent evidence to support the district court's conclusion that Davey's purchase of gasoline was not a material benefit to the Heddens.

In his deposition, Davey stated that he told Jon that he would put gas in the car if Jon allowed him to drive it and that although Jon hesitated, after further wheedling, Jon gave him the keys. During the joyride, Davey gave Farnsworth control of the car and purchased $2 or $3 worth of gasoline. Davey stated that at the time of his conversation with Jon, Farnsworth was standing approximately 3 feet from them; however, he could not say whether she heard the conversation, and he did not recall whether Farnsworth said anything.

Farnsworth stated in her deposition that she had never asked Jon for permission to drive the car and that Jon had never personally given her permission to drive the car.

The district court found that Jon had not given Davey the authority to give Farnsworth permission to drive the automobile. Under the circumstances, Farnsworth was not a permittee of the insured.

Based on the record, we hold that there is substantial competent evidence to support the district court's finding that Davey's offer to buy a de minimis amount of gasoline, coupled with his insistence on driving the car, was merely an inducement for Jon to breach the promise that he had made to his parents not to let anyone use the car. The record also supports the district court's legal conclusion that Farnsworth was an unapproved permittee operating the car for her own benefit; therefore, she was not entitled to coverage under the omnibus clause of the insurance policy.

Affirmed.